1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL E. FLANERY, | / | 1:06-cv-00059-LJO-GSA (PC) |
| Plaintiff, | / | |
| v. | / | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| MENDOZA-POWERS, et. al., | / | (Doc. 1-2) |
| Defendants. | / | |

## I.   SCREENING ORDER

Michael E. Flanery ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint in the Northern District.  The case was transferred to this District on January 18, 2006.

### A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

2  1915(e)(2)(B)(ii).

3  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12 **B.      Summary of Plaintiff's Complaint**

13 Plaintiff is a state prisoner at Avenal State Prison – where the acts he complains of

14 occurred.  Plaintiff names defendants: Warden Mendoza-Powers; Sergeant Reifschneider;

15 Lieutenant Smith; and Correctional Officer Ayala.  Plaintiff alleges that: on June 26, 2004,

16 Warden Mendoza-Powers authorized his placement in an observation cell for contraband watch;

17 that after the infirmary, Lt. Smith ordered him placed in a holding cell with Sgt. Depner (not a

18 named Defendant) and another Sergeant; Sgt. Depner waived a rectal scope in front of him and

19 described the procedure for an anal cavity search if Plaintiff did not surrender the contraband;

20 Plaintiff was stripped to his boxer shorts and placed in mechanical restraints; placed in very cold

21 and very hot holding cells; was not given water for at least 24 hours; was strip searched by a

22 female officer; was denied medical treatment for his injuries from being restrained for an

23 extended period of time; and had his grievances delayed in an effort to keep this case from being

24 filed with the Court.  Plaintiff seeks monetary damages.

25 It should be noted that Plaintiff's complaint merely states a semi-chronological rendition

26 of events, without specifying which of his constitutional rights he believes were violated by any

27 given defendant's acts.  The Court provides Plaintiff with the following law that might apply to

28 his generalized claims.  However, it is Plaintiff's duty to specify his claims for relief against the

2

defendant(s) and their factual basis.  The Court will not guess as to which facts Plaintiff believes

support his unspecified constitutional violation(s).

**C.      Pleading Requirements**

**1.  *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

(9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

.'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

1982)).

**2.  *Federal Rule of Civil Procedure 18(a)***

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A

against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

claims against different defendants belong in different suits, not only to prevent the sort of

morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply

with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are

dismissed therein as strikes such that he may be barred from filing in forma pauperis in the

future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

federal rights.

Plaintiff mentions Sgt. Depner, C.O. Underwood, and "the Department of Corrections

RE: Avenal State Prison" in his factual statement, but fails to list either as a defendant in the

caption, or anywhere else in his complaint. If Plaintiff intends to pursue claims against Sgt.

Depner, C.O. Underwood, and/or "the Department of Corrections RE: Avenal State Prison," he must appropriately identify them as defendants in this action.  Further, Plaintiff needs to clarify which defendant(s) he feels are responsible for any given violation(s) of his constitutional rights.

### D.   Claims for Relief

#### 1. *Conditions of Confinement*

Plaintiff alleges various circumstances regarding his conditions of confinement in the holding cell while on contraband watch.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

1   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

2   Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

3   (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

4   responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted).

5   "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

6   confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

7   routine discomfort is part of the penalty that criminal offenders pay for their offenses against

8   society, only those deprivations denying the minimal civilized measure of life's necessities are

9   sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and

10  citations omitted).

11      "[E]xtreme deprivations are required to make out a conditions-of-confinement claim."

12  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted).

13      Temporarily unconstitutional conditions of confinement do not rise to the level of

14  constitutional violations.  See Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and

15  Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).

16      Plaintiff alleges Warden Mendoza-Powers authorized that over a six day period, he was

17  placed in mechanical restraints, stripped to his boxer shorts, subjected to extremes in

18  temperature, and denied water for 24 hours while on contraband watch in a holding cell that C.O.

19  Underwood had not fully cleaned.  The conditions Plaintiff complains of are not extreme and/or

20  atypical enough to make out a conditions-of-confinement claim.  Further, they do not rise to the

21  level of a constitutional violation since they were temporary.

22              **2.  *Body Search***

23      Plaintiff generally alleges that C.O. Ayala, a female, performed an unclothed body search

24  of Plaintiff's body and that Sgt. Depner, a male, observed the search.  However, in the following

25  sentences, Plaintiff specifically alleges that C.O. Ayala was in the room with him, watching him

26  defecate and wipe while in mechanical restraints, and that Sgt. Depner observed from outside the

27  room.  Doc. 1-2, pg. 6.  Observing a prisoner defecate and wipe during a contraband watch is not

28  the same as performing an "unclothed body search."

6

1    The body of law surrounding this type of claim is less than clear.  Prisoners' claims

2    related to searches may give rise to claims for relief under the Fourth, Eighth, and Fourteenth

3    Amendments.  See Hudson v. Palmer, 468 U.S. 517, 530 (1984) (Eighth Amendment protects

4    prisoners from harassing searches); Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)

5    (Eighth Amendment protects prisoners from sexual abuse); and Michenfelder v. Sumner, 860

6    F.2d 328 (9th Cir. 1988) (discussing Fourth Amendment search and Fourteenth Amendment

7    privacy claims in context of routine strip searches conducted in view of female guards and

8    visitors).

9                        a.  Fourth Amendment

10    The Fourth Amendment protects prisoners from unreasonable searches and seizures.

11    Strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological

12    interest are not reasonable.  Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).  Neither

13    the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit has

14    yet held that prisoners retain *no* privacy rights under the Fourth Amendment.  Hudson v. Palmer,

15    468 U.S. 517, 530 (1984) ("Fourth Amendment proscription against unreasonable searches does

16    not apply *within confines of the prison cell*.") (emphasis added); Bell v. Wolfish, 441 U.S. 520,

17    558 (1979) ("assuming [without deciding] that inmates, both convicted prisoners and pretrial

18    detainees, retain some Fourth Amendment rights upon commitment to a correctional facility . . .

19    ."); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997).

20    Under the Fourth Amendment, "[c]ourts must consider the *scope* of the particular

21    intrusion, the *manner* in which it is conducted, the *justification* for initiating it, and the *place* in

22    which it is conducted." (emphasis added) Bell v. Wolfish, 441 U.S. at 559; and Giles v.

23    Ackerman, 746 F.2d 614, 616 (9th Cir.1984), cert. denied, 471 U.S. 1053 (1985).

24    It appears that C.O. Ayala watched Plaintiff defecate and wipe, on one occasion, while he

25    was under contraband watch in a holding cell, with Sgt. Depner observing from outside the cell.

26    The scope of the intrusion was not unreasonable – watching for contraband exiting Plaintiff's

27    body in his fecal material; the manner in which it was conducted was not unreasonable, as

28    Plaintiff's allegations are that C.O. Ayala and Sgt. Depner merely observed him defecating and

7

1   wiping; the observation by C.O. Ayala and Sgt. Depner was justified as Plaintiff was under

2   contraband watch; and the place in which the observing occurred was apparently in the holding

3   observation cell – not in view of numerous persons.  The Court finds that Plaintiff's allegations

4   are insufficient to state a claim for relief against C.O. Ayala and/or Sgt. Depner for violation of

5   the Fourth Amendment.

6                               b.  Eighth Amendment

7           To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

8   conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

9   452 U.S. 337, 347 (1981).  The Eighth Amendment protects inmates from repetitive and

10  harassing searches, and from sexual abuse.  Hudson v. Palmer, 468 U.S. 517, 530 (1984);

11  Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000).  The Court finds that Plaintiff's

12  conclusory allegations are insufficient to state a claim for relief under the Eighth Amendment.

13  The conduct described in the complaint simply does not rise to the level of cruel and unusual

14  punishment.  See Schwenk, 204 F.3d at 1196-1198 (Guard accused of grinding his exposed

15  genitals into inmate's buttocks not entitled to qualified immunity on Eighth Amendment claim).

16  Plaintiff may, however, be able to amend his claim by adding factual allegations sufficient to

17  give rise to a claim for relief under the Eighth Amendment.

18                              c.  Fourteenth Amendment

19          The Supreme Court has recognized a Fourteenth Amendment privacy interest in avoiding

20  disclosure of personal matters.  Whalen v. Roe, 429 U.S. 589, 599 (1977).  However, the Court

21  "has not recognized that an interest in shielding one's naked body from public view should be

22  protected under the rubric of the right of privacy . . . ."  Grummett v. Rushen, 779 F.2d 491, 494

23  (9th Cir. 1985).  The interest in avoiding disclosure of personal matters "has been infrequently

24  examined . . . [and] its contours remain less than clear."  Davis v. Bucher, 853 F.2d 718, 719 (9th

25  Cir. 1988).  Under Ninth Circuit law, prisoners retain a limited right to bodily privacy.

26  Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988).  The Supreme Court has held that,

27  since the right of privacy is a fundamental right, it may be restricted only if the limitation is

28  justified by a "compelling state interest."  Roe v. Wade, 410 U.S. 113 (1973).  However, the

state, may restrict or withdraw rights to the extent necessary to further the correctional system's legitimate goals and policies. Hudson v. Palmer, 468 U.S. at 525; Bell, 441 U.S. at 545-46; Price v. Johnston, 334 U.S. 266, 285 (1948). Chief among those objectives is internal security. Hudson v. Palmer, 468 U.S. 424-25; Bell v. Wolfish, 441 U.S. at 547-48. Moreover, the adoption and execution of policies and practices by prison administrators is to be accorded deference by the judiciary. Block v. Rutherford, 468 U.S. 576 (1984) (citing Bell v. Wolfish, 441 U.S. at 547).

The implications of Plaintiff's allegations, even in the light most favorable to Plaintiff, are that the objective of discovering contraband as a means of protecting internal security was a legitimate goal/policy under which prison personnel were justified to infringe on any right of privacy Plaintiff may have had. Thus, Plaintiff fails to state a cognizable claim under the Fourteenth Amendment against C.O. Ayala and/or Sgt. Depner.

### 3. *Procedural Due Process*

#### a. Prisoner Grievances

Plaintiff alleges that "the Department of Corrections RE: Avenal State Prison" (not a named defendant) is infringing on his right to access the court by delaying responses to his grievances and not providing him various documents.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

1   entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.

2   2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

3   855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

4   requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.

5   DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

6        Actions in reviewing prisoner's administrative appeal cannot serve as the basis for

7   liability under a § 1983 action.  Buckley, 997 F.2d at 495.  The argument that anyone who knows

8   about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is

9   not correct. "Only persons who cause or participate in the violations are responsible. Ruling

10  against a prisoner on an administrative complaint does not cause or contribute to the violation. A

11  guard who stands and watches while another guard beats a prisoner violates the Constitution; a

12  guard who rejects an administrative complaint about a completed act of misconduct does not."

13  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645,

14  656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,

15  97 F.3d 987, 992-93 (7th Cir.1996).

16       Thus, Plaintiff is unable to state a cognizable claim for violation of his right to due

17  process/access the court as he has no protected liberty interest in the grievance procedure.

18                    b. Denial of Visitation

19       Plaintiff states generally that his "visits were suspended for 13 months ... [and] are

20  restored as of July 22, 2005."  Doc. 1-2, pg. 6.

21       "An inmate does not retain rights inconsistent with proper incarceration," and "freedom

22  of association is among the rights least compatible with incarceration."  Overton v. Bazzetta, 539

23  U.S 126, 131 (2003).  Accordingly, "[s]ome curtailment of that freedom must be expected in the

24  prison context."  Id.  It is settled law that prisoners have no absolute right to unfettered visitation.

25  Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083,

26  1092 (9th Cir. 1996).  Prisoners also have no right to contact visitation.  See Barnett v. Centoni,

27  31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir.

28  1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-114 (9th Cir. 1986).

1 A parent has a fundamental interest in maintaining his relationship with his child.  Lee v.

2 City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001).  However, the parent's incarceration

3 places substantial restrictions on his rights of association, even with his family.  Overton v.

4 Bazzetta, 539 U.S. 126, 131 (2001).

5 The Due Process Clause of the Fourteenth Amendment protects prisoners from being

6 deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S.

7 539, 556 (1974).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the

8 full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell,

9 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum

10 procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24

11 hours between the time the prisoner receives written notice and the time of the hearing, so that

12 the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence

13 they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call

14 witnesses in his defense, when permitting him to do so would not be unduly hazardous to

15 institutional safety or correctional goals; and (5) legal assistance to the prisoner where the

16 prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the

17 five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner,

18 14 F.3d 1415, 1420 (9th Cir. 1994).  "Some evidence" must support the decision of the hearing

19 officer.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly

20 stringent and the relevant inquiry is whether "there is *any* evidence in the record that could

21 support the conclusion reached . . . ."  Id. at 455-56 (emphasis added).

22 Plaintiff fails to state a cognizable claim as he does not allege sufficient facts for the

23 Court to ascertain whether a liberty interest was infringed upon, and what, if any, procedural due

24 process he received prior to imposition of the restriction on visitation.

25    **4.  *Habeas Corpus***

26 Plaintiff generally alleges that, on January 14, 2005, he was sentenced to an additional

27 two years.

28 A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

duration" of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser</u> <u>v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).

Plaintiff does not state why he was sentenced to the additional two years, and/or what, if any procedural due process he was provided before the additional sentencing.  It appears that any challenges that Plaintiff might make to the additional two years sentence should be brought via a habeas corpus petition.

### 5. *Threats*

Plaintiff states that various defendants threatened him with possible physical abuse and threatened the safety of his wife and family.

Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987).  Threats do not rise to the level of a constitutional violation.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

Thus, Plaintiff is unable to state a cognizable constitutional claim for any threats made by prison personnel.

### 6. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that his repeated requests for medical attention were denied and that the denial of medical attention was authorized by Sgt. Reifschneider.  Doc. 1-2, pg. 4.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. at 106.  Such a claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir.1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  <u>McGuckin</u>, 974 F.2d at 1059 (*quoting*

1   Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a

2   medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By

3   establishing the existence of a serious medical need, a prisoner satisfies the objective requirement

4   for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct.

5   1970 (1994).

6        If a prisoner establishes the existence of a serious medical need, he or she must then show

7   that prison officials responded to the serious medical need with deliberate indifference.  Farmer,

8   511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,

9   delay, or intentionally interfere with medical treatment, or it may be shown by the way in which

10  prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

11  Cir.1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to

12  medical care, however, "the indifference to his medical needs must be substantial.  Mere

13  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

14  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at

15  105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).  Deliberate

16  indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

17  ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835

18  (quoting Whitley, 475 U.S. at 319).

19       Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

20  at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must

21  show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per

22  curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th

23  Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of

24  State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).  Mere differences of

25  opinion between a prisoner and prison medical staff as to proper medical care do not give rise to

26  a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891

27  F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

28       Plaintiff fails to state a congizable claim as he fails to state what his serious medical need

was, that any defendant was deliberately indifferent to it, and whether he sustained any injury or harm as a result of the implied delay in medical attention.

### 7. *Supervisory Liability*

Plaintiff names supervisorial personnel Warden Mendoza-Powers, Sgt. Reifschneider, and Lt. Smith as defendants in this case.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, the argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

1   (1993).

2   Plaintiff has not alleged any facts indicating Warden Mendoza-Powers, Sgt.

3   Reifschneider, and/or Lt. Smith personally participated in the alleged deprivation of his

4   constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

5   "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'

6   and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

7                    **8.  *Municipal Liability***

8   While not named as a defendant, Plaintiff states that "the Department of Corrections RE:

9   Avenal State Prison" obstructed his ability to reach the courts with this case.

10   A local government unit may not be held responsible for the acts of its employees under a

11   respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658,

12   691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of

13   Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held

14   liable if it inflicts the injury complained of.  Gibson, 290 F.3d at 1185.

15   Generally, a claim against a local government unit for municipal or county liability

16   requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'

17   behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652,

18   667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively,

19   and more difficult to prove, municipal liability may be imposed where the local government

20   unit's omission led to the constitutional violation by its employee.  Gibson at 1186.  Under this

21   route to municipal liability, the "plaintiff must show that the municipality's deliberate

22   indifference led to its omission and that the omission caused the employee to commit the

23   constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality

24   was on actual or constructive notice that its omissions would likely result in a constitutional

25   violation."  Id.

26   Plaintiff fails to state a cognizable claim by failing to name "the Department of

27   Corrections RE:  Avenal State Prison" as a defendant, and failing to allege facts to show that a

28   deliberate policy, custom, or practice was the 'moving force' behind any infringement on his

1   access to the courts.

2

3   **II.    CONCLUSION**

4           For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an

5   amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this

6   order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the

7   date of service of this order.

8           Plaintiff must demonstrate in his complaint how the conditions complained of have

9   resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

10  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

11  involved.  There can be no liability under section 1983 unless there is some affirmative link or

12  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

13  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

14  F.2d 740, 743 (9th Cir. 1978).

15          Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

16  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

17  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

18  against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A

19  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

20  claims against different defendants belong in different suits, not only to prevent the sort of

21  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

22  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

23  frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

24  U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

25          Plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See Rule 8,

26  Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties'

27  evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)

28  should not be submitted until the course of litigation brings the evidence into question (for

1  example, on a motion for summary judgment, at trial, or when requested by the court).  At this

2  point, the submission of evidence is premature as Plaintiff is only required to state a prima facie

3  claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon

4  which he alleges a defendant has violated his constitutional rights and refrain from submitting

5  exhibits.

6          Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

7  complete in itself without reference to any prior pleading.  As a  general rule, an amended

8  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

9  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in

10  the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

11  involvement of each defendant must be sufficiently alleged.

12          Based on the foregoing, it is HEREBY ORDERED that:

13      1.      Plaintiff's complaint is dismissed, with leave to amend;

14      2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

15      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file

16              an amended complaint curing the deficiencies identified by the Court in this order;

17              and

18      4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure

19              to state a claim.

20

21      IT IS SO ORDERED.

22    **Dated:    July 21, 2008**              **/s/ Gary S. Austin**
23                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28